UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

In Re:

    MICHAEL W. PAYACK,                          Chapter 13
                                                                        Case No.: 20-60345

                                        *Debtor*.

───────────────────────────────────────────

APPEARANCES:

Selbach Law Offices, P.C.                                James F. Selbach, Esq.
*Attorney for Debtor*
8809 Daylight Drive
Liverpool, New York 13090

Office of the Herkimer County Attorney           Kyle W. Crandall, Esq.
109 Mary Street, Suite 1320
Herkimer, New York 13350

Mark W. Swimelar, Esq.
*Standing Chapter 13 Trustee*
250 South Clinton Street
Suite 203
Syracuse, New York 13202

Honorable Diane Davis, United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

      Debtor Michael W. Payack ("Debtor") filed a voluntary petition for Chapter 13 relief on March 22, 2020.[1] Presently before the Court is Debtor's motion pursuant to § 362(k)(1), filed August 11, 2020 (the "Motion," ECF No. 46), asking that the Herkimer County Treasurer (the "County") be found liable for willfully violating the automatic stay provisions of § 362. Specifically, Debtor seeks an order finding the County liable for an alleged automatic stay violation in the form of a 2020 real property tax delinquency notice that Debtor contends

───────────────────────────────────────────

[1] Unless otherwise indicated, all chapter, section, and rule references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure.

constitutes a post-petition demand for payment of a pre-petition debt. Based on the same, Debtor seeks an award of actual damages in the form of attorneys' fees payable to Debtor's counsel.[2] On September 4, 2020, the County filed opposition to the Motion (the "Opposition," ECF No. 56). On September 8, 2020, Debtor filed a Memorandum of Law and Declaration in further support of the Motion. (ECF Nos. 57 & 58.) On September 22, 2020, the County filed a Memorandum of Law in further support of its Opposition. (ECF No. 61.) Debtor then filed an additional Declaration on September 29, 2020 (ECF No. 62), and the Court heard oral argument the following day. The matter was taken under advisement on September 30, 2020. Having considered the Motion, the Opposition, and the parties' memoranda of law and supplemental submissions, the Court now makes the following findings of fact and conclusions of law in accordance with Rule 7052.

## JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334(a), 157(a), 157(b)(1), and 157(b)(2)(A).

## FACTS

The facts are undisputed. Notably, the County acknowledges that it received timely notice of Debtor's bankruptcy filing on or about March 25, 2020. On August 3, 2020, with actual notice of Debtor's bankruptcy filing, the County sent Debtor an assessment notice that states in part:

> According to our records the Real Property Taxes assessed against [365 Dillenbeck Road, Little Falls, New York 13365 (the "Property")] for the 2020 fiscal year have not yet been paid:

---

[2] On August 11 2020, Debtor's counsel filed a "Disclosure of Compensation of Attorney for Debtor" pursuant to Rule 2016(b) (the "2016(b) Statement," ECF No. 49), which limited the scope of counsel's representation of Debtor to services related to automatic stay or discharge injunction violations pursuant to §§ 362(k) or 105(a) and 524(a)(2), respectively. The 2016(b) Statement also provides, in certain instances, for a portion of the fee award to be paid to Debtor as Debtor's share of the awarded damages.

. . .

| *Assessment:* | 95,000 RESIDENCE | Acres: 2.98 |

| *ORIGINAL TAX* | *PENALTY* | *TOTAL RETURNED TAX* |
| 3,851.47 | 192.57 | 4,044.04 |

*INTEREST FROM FEBRUARY 01, 2020*
    *THRU AUGUST 31, 2020*         281.87

*TOTAL DUE BY AUGUST 31, 2020*     4,325.91

If paying before August 31, please contact us for the correct figure.

This delinquency is becoming an increasingly serious matter. If the taxes are not paid by August 31, 2020, we will be obligated to publish a notice in the Times Telegram stating that the taxes on your property are unpaid. Some or all of the cost of publishing that notice will be added to the amount then due.

Furthermore, if the taxes remain unpaid on November 1, 2020, we will be required by law to file a list of delinquent taxes in the Office of The County Clerk. The recording of that list will create a notice of pendency against your parcel.

We urge you to pay the outstanding taxes as soon as possible. Continued failure to pay will eventually result in the loss of the property.

Please direct all payments and inquiries to the Herkimer County Treasurer, Delinquent Tax Division, . . . .

If this tax has recently been paid[,] please disregard this notice.

                                        *Herkimer County Treasurer*

[The "Tax Notice," Mot., Ex. B.]

## ARGUMENTS

Debtor contends that the Tax Notice constitutes an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" in violation of § 362(a)(3), as well as an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title," in violation of § 362(a)(6). 11

U.S.C. § 362(a)(3), (a)(6). Debtor argues that because the Tax Notice demands that he pay the real property taxes and threatens consequences in the event he fails to do so, it does not qualify merely as a notice of tax deficiency that would be excepted from the automatic stay by virtue of § 362(b)(9)(B).

Debtor cites case law distinguishing between notices sent for informational purposes only, including *In re Curpier*, No. 06-63232, 2009 WL 2929245 (Bankr. N.D.N.Y. Jan. 9, 2009) (denying debtor's motion after applying § 362(b)(9)(B)), and *In re James*, Nos. 06-32197 & 06-33793, 2007 WL 1988909 (Bankr. N.D.N.Y. 2007) (denying debtors' identical motions after finding that the servicer's communication was merely intended to comply with federal law governing debt collection practices), and notices sent for collection purposes, including *Rosas v. Monroe County Tax Claim Bureau (In re Rosas)*, 323 B.R. 893 (Bankr. M.D. Pa. 2004) (tax notices sent to debtors were coercive and went beyond the scope of the exception to the automatic stay by including a threat that their homes would be sold unless the taxes were paid), *In re LTV Steel Co., Inc.*, 264 B.R. 455 (Bankr. N.D. Ohio 2001) (exception to the automatic stay permitting tax assessments and notice does not allow the taxing authority to threaten to seize debtor's property), *In re Covington*, 256 B.R. 463 (Bankr. D.S.C. 2000) (IRS's notices to debtors advising them of the IRS's intent to levy went too far and violated the automatic stay), *In re Layton*, 220 B.R. 508 (Bankr. N.D.N.Y. 1998) (requiring debtors to pay their pre-petition school taxes as a condition to the county's acceptance of debtors' proffered payment of their post-petition county taxes violated the automatic stay), and *In re Shealy*, 90 B.R. 176 (Bankr. W.D.N.C. 1988)) (tax notices violated the automatic stay where they contained language that demand was made for payment, failure to reply would result in a warrant of distraint, and full payment was required to avoid seizure). Debtor asserts that the Tax Notice, which threatens

Debtor with the loss of his home if the 2020 taxes remain unpaid, places this case within the second category of cases, which should compel the Court to grant the Motion.

The County acknowledges that the purpose of the automatic stay afforded by § 362(a) is to provide the debtor with the right to be free from the pressure of collection and afford the debtor a fresh start, but it argues that this purpose is not hindered by a governmental entity's issuance of a notice of a tax deficiency to the debtor. The County contends that, by virtue of the exception codified by § 362(b)(9)(B), its Tax Notice is statutorily permissible. The County supports this theory by pointing out that the Tax Notice merely informs Debtor of the original tax, penalty, and total amount of interest that has accumulated, and it does not threaten immediate action or seizure of the Property if payment is not received. The County argues that this case is unlike *Layton*, because in *Layton* the county rejected payment prior to issuance of the notice and threatened foreclosure by a date certain. *In re Layton*, 220 B.R. at 516. Here, while the County advised Debtor that it would publish and file a list of delinquent taxes to create a pendency against the Property if the taxes were not paid and non-payment could result in the eventual loss of the Property, it did not threaten judicial action by a date certain.

Moreover, the County contends that even if the Tax Notice falls outside the purview of § 362(b)(9)(B), the County's actions are not violative of the automatic stay because the mailing of the Tax Notice was merely a ministerial act that was not threatening or coercive to Debtor. Accordingly, the County asks that the Motion be denied.

## DISCUSSION

"The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." *Gonzalez v. P.R. Treasury Dep't (In re*

*Gonzalez)*, 532 B.R. 1, 5 (Bankr. D.P.R. 2015) (citing the congressional history of § 362). Section 362(a)(6), which Debtor primarily relies upon here, is intended to prevent creditors from harassing the debtor when attempting to collect pre-petition debts. *Id.* at 6. "'The conduct prohibited ranges from that of an informal nature, such as by telephone contract or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1).'" *Id.* (quoting Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* ¶ 362.03[8][a] (16th ed.)).

"Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under § 362(b) of the Bankruptcy Code." *In re Lopez*, 492 B.R. 595, (Bankr. D.P.R. 2013) (citing *229 Main St. Ltd. Pshp. V. Mass. EPA (In re 229 Main St.)*, 262 F.3d 1, 3–4 (1st Cir. 2001)). "Congress has enacted several exceptions to the stay that allow governmental units to take actions that protect the public interest in the collection of taxes." *Gaff v. Town of Pembroke (In re Doolan)*, 447 B.R. 51, 56 (Bankr. D.N.H. 2011). Given these exceptions, "[t]he automatic stay, which is generally a very simple concept, becomes complicated when a taxing authority is involved." *In re Killmer*, 513 B.R. 41, 48 (Bankr. S.D.N.Y. 2014) (addressing the implications of the automatic stay on a post-petition tax sale of real property).

In particular, § 362(b)(9)(B) provides an exception to the automatic stay for "the issuance to the debtor by a governmental unit of a notice of tax delinquency." 11 U.S.C. § 362(b)(9)(B). This subsection does not permit a taxing authority to include in its notice of tax deficiency a demand for payment. However, § 362(b)(9)(D) expressly allows a taxing authority to make an assessment and issue "a notice and demand for payment of such an assessment," 11 U.S.C. § 362(b)(9)(D), although it does not permit a lien to be created on the debtor's property or property

of the estate, *id.* When the exception to the automatic stay relates to the pecuniary interest of a governmental unit rather than to the exercise of police powers to protect public health and safety, as is true for both of these subsections under § 362(b)(9), the Court must apply the general rule that exceptions to the automatic stay are to be narrowly construed to effectuate the public policy of federal bankruptcy law to grant broad relief to the debtor. *Doolan*, 447 B.R. at 56 (citations omitted).

Since the facts are undisputed and the County concedes that it had actual notice of Debtor's bankruptcy status at the time it mailed the Tax Notice, the Court's primary inquiry is limited: does the Tax Notice fall within the scope of the stated exception?[3] The cases cited by both parties have been examined and summarized by this Court's sister courts. *See, e.g., Gonzales*, 532 B.R. at 6–10. In fact, Attorney Selbach has litigated certain of these cases on behalf of the debtors therein. The Court will not repeat that exercise and is not bound by the same. For reasons discussed below, however, the Court recognizes similarities between the facts of this case and those of *Layton* that justify a similar outcome.

"Section 362(b)(9) limits the impact of § 362(a)(6) in specific situations concerning tax liabilities." *Rosas*, 323 B.R. at 898. It does so by excepting "from the automatic stay certain actions taken by taxing authorities designed to set (but not collect upon) the amount of taxes that may be due." 1 *Bankruptcy Law Manual* § 7:21 (5th ed.) (collecting cases). The exception to the automatic stay afforded by § 362(b)(9)(B) is not absolute. To the contrary, it is narrow and allows the governmental entity only to give notice of the tax deficiency or default. *Doolan*, 447

---

[3] While the County references § 362(b)(9)(D) in its Memorandum of Law, the record clarifies that the County's defense to the Motion rests solely on § 362(b)(9)(B). As this case does not involve the post-petition assessment of a tax liability, as is contemplated by § 362(b)(9)(D), 11 *Collier on Bankruptcy P* TX5.06 ¶ TX5.06[2] n.13 (16th 2020)(citing 11 U.S.C. § 362(b)(9)(D); *In re Innovation Instruments, Inc.*, 228 B.R. 313, 314 (Bankr. N.D. Fla. 1988) (the automatic stay is not violated by the assessment of a tax post-petition as a result of the application of 11 U.S.C. § 362(b)(9)(D) and interest and penalties that are included in the tax that may be assesses post-petition)), the Court will limit its discussion to the applicability of § 362(b)(9)(B) to the facts and circumstances at hand.

B.R. at 61 ("Since a demand for payment is not excepted, it is prohibited by § 362(a)(6)."). "It is when the taxing authority engages in post-petition attempts to collect pre-petition tax claims that it exceeds the authority afforded under § 362(b)(9) and violates the automatic stay. *Id.* (citing *Headrick v. Georgia (In re Headrick)*, 203 B.R. 805, 810 (Bankr. S.D. Ga. 1996)); 9B Am. Jur. 2d Bankruptcy § 1816 (post-petition attempts to collect pre-petition tax claims violate the automatic stay, and the tax authorities must submit their claims in accordance with the usual bankruptcy process) (collecting cases). A taxing authority may not, for example, include in notices of tax delinquencies language that, in order to avoid commencement of a tax lien process and additional expenses, debtors would have to pay the taxes in full by a date specified. 9B Am. Jr. 2d Bankruptcy § 1816. This conduct constitutes "post-petition collection activity that is outside the scope of the stay exception and violative of the automatic stay." *Id.* (citing *Doolan*, 447 B.R. 51).

In this case, the County did do more than merely inform Debtor of the tax liability by mailing Debtor the Tax Notice. The County urged Debtor to pay the delinquent taxes on or before August 31, 2020, and it threatened additional costs and the loss of the Property in the event of nonpayment. It also contained a threat to publish a notice of the delinquency in the Times Telegram. The content of the Tax Notice mirrors the content of the letters at issue in *Layton,* 220 B.R. at 516, with the difference being added content in *Layton* referencing the filing of a notice and petition of foreclosure.

The Court is not persuaded by the County's argument that the omission of a reference to foreclosure somehow lessens the severity of or negates the stay violation. The question of whether the Tax Notice falls within the purview of § 362(b)(9)(B) is a binary one. Moreover, the Tax Notice did not include a disclaimer for taxpayers who had filed for bankruptcy relief. The

act of mailing Debtor the Tax Notice, which included a demand for payment by a date certain, falls outside the narrow exception from the automatic stay provided by § 362(b)(9)(B), and violates that automatic stay provided by § 362(a)(6).

As the Court in *Doolan* addressed, the County's claim that the Tax Notice was not improperly coercive or harassing is not determinative of the Court's decision and does not alter the outcome because "actions that do violate the automatic stay are not lawful simply because they do not coerce or harass a debtor." *Doolan*, 447 B.R. at 61 (citing *H & H Beverage Distribs. V. Dep't of Revenue*, 850 F.2d 165, 167 (3d Cir. 1988), *cert. denied*, 488 U.S. 994 (1988)). Rather, "[t]he degree of coercion or harassment, or the good faith or bad faith of the [governmental entity], or whether the [governmental entity's] actions were intended to violate the stay or were a mistake, may be relevant to a determination of damages, but are not determinative of whether the automatic stay was intentionally violated." *Id.* (citing *Fleet Mortg. Group, Inc. v. Kaneb (In re Kaneb)*, 196 F.3d 265, 268–69 (1st Cir. 1999)).

"The automatic stay imposes on non-debtor parties an affirmative duty of compliance." (citing *Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir. 2010)). To ensure compliance, § 362(k) requires the imposition of actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k)(1). A debtor seeking damages under this section must prove by a preponderance of the evidence that the creditor willfully violated the automatic stay. Within the Second Circuit, a creditor is held to have willfully violated the automatic stay "when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act found to violate § 362; no specific intent to violate § 362 is necessary." *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 83 (2d Cir. 2013). Having found that the County's Tax Notice falls outside the purview of §

362(b)(9)(B) and is therefore violative of the automatic stay, the Court now finds that the County's mailing of the Tax Notice to Debtor was willful. Actual damages are warranted as a result of the County's willful violation of the automatic stay. The Court is unable, however, to award actual damages in the form of attorneys' fees and costs in an amount certain without evidence that supports the reasonableness of such award.

## CONCLUSION

For the foregoing reasons, the Court finds that the County violated the automatic stay imposed by § 362(a)(6) when it sent Debtor the Tax Notice. As a result, the Court grants the Motion. Thus, Debtor is entitled to recover costs and attorneys' fees in accordance with § 362(k)(1). Debtor shall provide the Court within (5) days documentary evidence regarding the costs and attorneys' fees associated with the efforts expended in litigating this contested matter. The County shall have five (5) days to submit a written response to the same. Following the Court's review of the parties' submissions, the Court will issue a final order awarding damages in an amount certain.

**It is SO ORDERED**.

Dated at Utica, New York
this 12th day of November 2020

/s/Diane Davis_____
DIANE DAVIS
United States Bankruptcy Judge